IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN E. DODDS
ADC # 132088                                                                    PLAINTIFF

v.                              No. 5:11-cv-291-DPM

SAMUEL HOUSTON, Dr.,
St. Vincent Health System                                                    DEFENDANT

## ORDER

**Background.** Dodds has kidney stones. Corizon, who runs the prison's clinic, sent him to Dr. Houston, a urology specialist, for treatment. Dr. Houston put in a stent near Dodds's kidney in April 2008. In November, he saw Dodds again, and told him to come back two weeks later to have the stent removed. For reasons that aren't completely clear, but through no apparent fault of Dr. Houston, Dodds didn't return. About a week later, the Arkansas State Medical Board suspended Dr. Houston's license, making it impossible for him to remove Dodds's stent. Another doctor removed the stent in late January, about two months later than Dr. Houston had ordered. Dodds says that pain from his kidney stones and the stent increased because of the delay. There's a murky threshold question about whether Dodds's claim against Dr. Houston is timely based on relation back of an amendment naming the

doctor. FED. R. CIV. P. 15(c); *Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1011-12 (8th Cir. 1991). Even if timely, though, on the undisputed facts, Dr. Houston wasn't deliberately indifferent to Dodds's medical needs. And Dodds's proof on causation fails.

**Deliberate Indifference.** To reach a jury, Dodds must show that there exists some dispute of material fact about whether there was a substantial risk to his health by the extended presence of the stent, and that Dr. Houston knew of, but disregarded, that risk. *Robinson v. Hager*, 292 F.3d 560, 563-64 (8th Cir. 2002). Dr. Houston must have acted with reckless disregard. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Negligence, even gross negligence, isn't enough to carry Dodds's claim forward. *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006).

Viewing any disputed facts and drawing all reasonable inferences in Dodds's favor, there's nothing of record to suggest that Dr. Houston deliberately avoided removing the stent or otherwise tried to dodge Dodds's appointment. *Langford v. Norris*, 614 F.3d 445, 462 (8th Cir. 2010). The most likely scenario is that there was some hiccup in transporting Dodds from prison to Dr. Houston's clinic. What exactly happened, though, is immaterial

because there's no allegation or proof that Dr. Houston was responsible for the missed appointment. Dr. Houston, along with some other doctors, provided nearly two years of competent and thorough treatment to Dodds — meeting or treating him more than a dozen times. № 178. Nothing Dodds offers implies Dr. Houston suddenly began intentionally avoiding him. Agreed, Dr. Houston should have made sure everyone knew ASAP that he couldn't handle Dodds's stent. A reasonable jury could find that any failure to do so was negligent. But no one could conclude on this record that it was reckless.

**Causation.** Assuming for argument's sake that Dr. Houston acted recklessly, Dodds hasn't offered any medical evidence or expert testimony to establish that the delay in removing the stent caused him medical injury. *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006); *Alberson v. Norris*, 458 F.3d 762, 765–66 (8th Cir. 2006). Dr. Houston confirmed that the stent was still properly placed in November 2008. This was more than nine months after it was inserted. To make a jury issue based on delayed removal, Dodds must show that something happened in the two-month period after this final

meeting with Dr. Houston; he must offer some proof that the stent was displaced or was otherwise causing him injury. He hasn't done so.

\* \* \*

Dr. Houston is entitled to judgment as a matter of law. The motion, № 172, is granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

19 August 2014